Stewabt, J.
The sole question for our decision is *302 whether the decisions of the Board of Tax Appeals are reasonable and lawful or unreasonable or unlawful.
When appellants returned their heavy construction equipment for taxation, they determined the value thereof by using a 20 per cent depreciation rate, which was reduced to 10 per cent by the Tax Commissioner. As a basis for that reduction the Tax Commissioner used a published directive of the Department of Taxation, which reads in part:
“In valuing equipment used in business the Department of Taxation will adhere to the following composite depreciation rates. Such rates are prima facie only and are subject to adjustment in all cases where special or unusual circumstances or conditions of use are shown to exist.
“Industry Rate
“Construction (contractors) ......... 10%
“a) Building ....................... 10%
“b) Highway ....................... 20%
“c) Railroad ....................... 10%
“d) Excavating .................... 10% ”
In conjunction with this directive the Department of Taxation uses what is known as the “302 computation,” which requires that in the year, of acquisition of a particular piece of property the allowable depreciation shall be one-half of the annual rate applicable; that for subsequent years the allowable depreciation shall be at the annual rate until the net value of the property is 30 per cent of its original cost; that thereafter an annual rate of two and one-half per cent shall apply until the net value will have reached 20 per cent of the original cost; and that so long as the property is used in business further depreciation shall not be allowed and 20 per cent of the original cost shall be the minimum acceptable for true value.
The “302 computation” is not challenged by appellants, which leaves before us only the question of the *303 reasonableness of the rate of depreciation in the published directive of the Department of Taxation.
The law of Ohio requires that personal property used in business be taxed at its true value. Sinee it is impractical for the Department of Taxation to personally value all such personal property in the state, it is reasonable and lawful to use the straight-line method of depreciation in arriving at true value. This method consists of depreciating the cost of the personal property in accordance with its useful life. That is what the directive of the Department of Taxation purports to accomplish, and under its “302 computation” the true value of the property can never be below 20 per cent of its cost as long as it is used in business.
There is no challenge to this general proposition and, in fact, this so-called straight-line depreciation has been recognized by this court as the method most widely used. Wheeling Steel Corp. v. Evatt, Tax Commr., 143 Ohio St., 71, 54 N. E. (2d), 132.
There is no question in this case as to the cost of the property involved, but appellants vigorously challenge the reasonableness of the 10 per cent depreciation rate applied to their heavy construction equipment.
In the application of the schedule of depreciation to individual contractors, the rules of the Department of Taxation require that the dollar volume of each category of work performed by the contractor be measured, and that, unless it appears that more than 50 per cent of the work performed by the individual contractor is highway work, a depreciation rate of only 10 per cent can be allowed, whereas the highway-work depreciation rate is 20 per cent.
In the case of Harper, at the hearing before the Board of Tax Appeals, the examiner for the Department of Taxation, who was the sole witness for the *304 Tax Commissioner, testified that, regardless of the use to which the equipment was put, he was bound by the directive to allow a depreciation rate of 10 per cent unless, during the year, more than 50 per cent of the work performed by it was highway work. Although admitting that, as an accountant, he was not qualified to say as to what type of work the Department of Taxation refers to as highway work, he testified that the basis of his application of the 10 per cent rate as to Harper was an analysis of the various jobs on which the equipment had been used during the year and his determination that only 43.3 per cent of the equipment had been used in highway construction work. The testimony of Harper’s president was to the effect that highway construction work includes much more than that put into such category by the Department of Taxation, and other testimony was produced to the effect that the use made of the equipment was more destructive to it and caused it to have a shorter life than that of highway,equipment, for which the directive of the department allowed a depreciation rate of 20 per cent.
In the case of Richter, at the hearing before the Board of Tax Appeals, the examiner for the Department of Taxation testified that he based his classification of Richter as a construction contractor and his application of the 10 per cent rate on his personal knowledge that Richter was an excavating contractor and that he had never heard of it laying concrete or asphalt roads.
In other words, the thesis of the Department of Taxation is that its directive must be applied regardless of any evidence as to what the actual life of equipment is, that the directive is, like the law of the Medes and the Persians, rigid and undeviating, and that any evidence as to realities is without probative force un *305 less it shows ‘ ‘ special or -unusual circumstances or conditions of use.”
It is our opinion that such an application of the directive is in many cases and in the present ones unreasonable.
We are fully in accord with the use of a directive in the ascertainment of the true value of personal property, but in our opinion the Board of Tax Appeals is required to ascertain from the evidence before it whether in a particular case the application of such a directive will produce an unreasonable result.
In the present cases the evidence of appellants presented a question whether the application of a 10 per cent depreciation rate is reasonable, and the Board of Tax Appeals must consider the evidence before it and, in making a determination, attempt to arrive at the truth rather than to rigidly apply the directive in spite of any evidence. Then, too, we are of the opinion that the rule with reference to allowing the highway-work depreciation of 20 per cent only in case that more than 50 per cent of the use of the equipment is for highway construction produces an unreasonable result.
Assuredly, in all fairness, if the directive with reference to highway construction, as distinguished from other work, is a reasonable one, then the proportion of highway, work to other work should be taken into consideration in making the depreciation allowance, and, at least, the two sorts of work should be weighted in determining the proper result.
Our conclusion is that it is proper to ascertain the írué value of construction equipment by the use of proper directives, but that such directives must Be applied so that they are subject to adjustment not only in the case of special or unusual circumstances or conditions of use, as provided in the directive under consideration herein, but also to adjustment in all cases *306 where the evidence shows that a rigid application will result in injustice.
We, therefore, hold that the decisions of the Board of Tax Appeals in the present cases are unreasonable, and we remand the causes to such board for further action in accordance with this opinion.

Decisions reversed and causes remanded.

Weygandt, C. J., Middleton, Taft, Hart and Lamneck, JJ., concur.